IN THE CIRCUIT COURT OF WAYNE COUNTY, MISSISSIPPI

SHELTON HINTON                                                     PLAINTIFF

FILED AUG 1 0 2020

VERSUS                                        CAUSE NO: CV-2020-114-C

WAYNE COUNTY, MISSISSIPPI and
SHERIFF JODY ASHLEY in his individual and
Official capacity                                        DEFENDANTS

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW, Shelton Hinton, hereinafter "Hinton," by and through undersigned counsel, and makes this, his Complaint against named Defendants, and would show unto the Court the following, to wit:

### PARTIES

1. Plaintiff is a resident citizen of Wayne County, Mississippi who may be contacted through undersigned counsel.

2. Defendant Wayne County is a governmental entity organized and authorized by the laws of the State of Mississippi who may be served with process through its Chancery Clerk at 609 Azalea Drive, Waynesboro, Mississippi, 39367.

3. Defendant, Jody Ashley is sheriff of Wayne County, Mississippi who may be served with process at 613 Court Street, Waynesboro, Mississippi, 39367.

### JURISDICTION AND VENUE

4. Venue is proper pursuant to Miss. Code Ann. § 11-11-3 because substantial acts and omissions which caused the injury occurred in Wayne County, Mississippi, and because the action against governmental entities must be commenced in the county where the

Page 1 of 5


EXHIBIT A

entities are located. The misconduct complained of herein arose in Wayne County, Mississippi. Jurisdiction of the parties and of the subject matter of this action are proper in this Court.

5. This action is authorized by 42 U.S.C. § 1983 and made pursuant to the 4th and 14th Amendments to the United States Constitution.

## FACTUAL ALLEGATIONS

6. On or about September 20, 2018 Sheriff Ashely signed an affidavit claiming that Shelton Hinton was mentally ill and in need of treatment. These allegations are false and Sheriff Ashley did not personally know Hinton. **Exhibit A, Ashley Affidavit.**

7. Sheriff Ashely swore under oath that he was Hinton's nearest relative to convince a court to have Hinton committed for a mental illness. These allegations are false.

8. As a result of Sheriff Ashley's false affidavit, Hinton was arrested and confined at the Wayne County Jail.

9. At a hearing on the matter Sheriff Ashely admitted that he had no first-hand knowledge regarding any of the facts alleged in his affidavit which led to the arrest and confinement of Hinton.

10. As sheriff, Jody Ashley knows that an affidavit must be based upon personal knowledge.

11. Sheriff Ashley's actions caused the unlawful arrest and confinement of Hinton. The sheriff's actions further resulted in the negligent and intentional infliction of emotional distress on Hinton.

## ALLEGATIONS OF LAW

12. Plaintiff incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

13. All acts of the Defendants were under the color and pretenses of the ordinances, policies, practices, customs, regulations, usages and/or statutes of the United States Government, the State of Mississippi and Wayne County.

14. It is the custom and policy of all Defendants to violate the constitutional rights of individuals in Wayne County, as complained of herein.

15. It is the policy and practice of the Defendants to violate the civil rights of, in and around the area of Waynesboro, Mississippi where the unlawful search and seizure occurred.

16. Defendants' actions were in bad faith and were intended and designed to punish Plaintiff.

17. At all times relevant to this action, Plaintiff's rights were clearly established. At all times relevant to this action, Defendants violated Plaintiff's constitutional rights.

18. Defendant Ashley is a final policy maker for Wayne County, Mississippi.

19. Defendants' actions evidence malice and/or constitute willful misconduct.

20. As a result of Defendants' actions, Plaintiff has suffered humiliation, embarrassment, loss of reputation and had their liberty and privacy interests severely impacted.

## FIRST CAUSE OF ACTION – 42 U.S.C. § 1983
### Fourteenth Amendment – Unlawful Seizure; Deprivation of Due Process/Equal Protection

21. Plaintiff incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

22. The unlawful actions of the Defendants, as alleged herein, constituted an intrusion into Plaintiffs' right to be free from an unlawful seizure of his person and property.

23. Defendants had an affirmative duty to prevent such intrusions.

24. Defendants, acting without authority, knowingly conducted an illegal seizure.

25. Plaintiff has an established constitutional right to be free from an unlawful seizure.

26. As a direct and proximate cause of Defendants' actions, Plaintiff's rights, as guaranteed by the Fourteenth Amendment, were injured.

WHEREFORE Plaintiff prays for relief against all Defendants as set forth below.

### SECOND CAUSE OF ACTION – 42 U.S.C. § 1983
### DUE PROCESS – 14th AMENDMENT

27. Plaintiff incorporates by reference each of preceding paragraphs as if they had been fully restated herein.

28. Sheriff Ashley made a knowingly false affidavit for the sole purpose of having Hinton arrested and detained.

29. Sheriff Ashely's actions violated Hinton's rights under the 14th Amendment.

30. Sheriff Ashley caused Hinton to be falsely imprisoned.

WHEREFORE Plaintiff prays for relief against all Defendants as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

1.  Assume jurisdiction over this action;

2.  Declare that Defendants' actions, as herein described, violated Plaintiff's constitutional rights under the Fourteenth Amendments to the United States Constitution

3.  Appropriate equitable relief including but not limited to prospective injunctive relief, declaratory and other injunctive remedies;

4.  Award Plaintiff nominal and actual damages for Defendants violation of their constitutional and statutory rights;

5.  Award Plaintiff compensatory damages, including, but not limited to, those for past and future pecuniary and non-pecuniary losses, emotional distress, suffering, loss of reputation,

humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;

6. Punitive damages for all claims allowed by law in an amount to be determined at trial;

7. Pre-judgment and post-judgment interest at the highest lawful rate;

8. Award Plaintiff his costs of litigation, including reasonable attorney's fees and expenses, pursuant to 42 U.S.C. sec. 1988 and/or 20 U.S.C. sec. 1400 et seq.; and

9. Grant such other relief to which Plaintiff may be entitled or as this Court deems necessary and proper.

RESPECTFULLY SUBMITTED this the __ day of August, 2020.

SHELTON HINTON
PLAINTIFF

_____
DANIEL M. WAIDE, MSB#103543

Daniel M. Waide, (MSB#103543)
Johnson, Ratliff & Waide, PLLC
1300 HARDY ST.
PO BOX 17738
HATTIESBURG, MS 39404
601-582-4553 (OFFICE)
601-582-4556 (FAX)
dwaide@jhrlaw.net

IN THE CHANCERY COURT OF __Wayne__ COUNTY,
MISSISSIPPI
__19th__ JUDICIAL DISTRICT

IN RE: __Shelton Hinton__   CAUSE NO. _____

UNIFORM COMMITMENT AFFIDAVIT PURSUANT TO MCA SECTION 41-21-65

COMES NOW __Jody Ashley__, relative and/or interested person, residing at __WC Sheriff Dept.__, telephone number __735-5801__, duly sworn and deposed, says the following to be true and correct to the best of my knowledge and belief.

__Shelton Hinton__ is a person I allege to be in need of treatment by outpatient or inpatient commitment. Their nearest relative, if known, is __Jody Ashley__ who resides at __WC AD__, telephone number __735-5801__. I allege the person to be in need of treatment because the person is mentally ill under law and poses a likelihood of physical harm to themselves or others as demonstrated by (mark as many as may apply) ____ a recent attempt or threat to physically harm themselves or others and/or ____ a failure and inability to provide necessary food, clothing, shelter, safety, or medical care to themselves as a result of the impairment and/or ____ based on treatment history or other relevant evidence, this person is in need of treatment to prevent further disability or deterioration which will predictably result in dangerousness when their current mental illness limits or negates their ability to make an informed decision to seek or comply with recommended treatment. To my knowledge the recent behavior described herein is __not__ caused by any of the following: epilepsy; intellectual disability; brief periods of intoxication, dependence upon or addiction to alcohol or drugs; or senile dementia.

Factual descriptions of recent behavior, witnesses, and where and when it occurred, if known:

__Paranoid; harrassing; potentially violent__

_____ (attach additional pages if needed).

SWORN TO AND SIGNED BY MY HAND this the __20__ day of __Sept.__, __2018__ A.D.

__/s/ Jody Ashley__ AFFIANT (relative and/or interested person)

SWORN TO AND SUBSCRIBED BEFORE ME this the __20__ day of __Sept.__, __2018__ A.D.

Geary Jackson
Chancery Clerk
By: __Linda Milb__ D.C.

NOTARY PUBLIC
Commission Expires
January 4, 2020

Exhibit A