# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DIVISION OF MISSISSIPPI
# EASTERN DIVISION

**SHELTON HINTON**                                                            **PLAINTIFF**

**V.**                              **CIVIL ACTION NO. : 2:20-cv-186-KS-MTP**

**WAYNE COUNTY, MISSISSIPPI and**
**SHERIFF JODY ASHLEY, in his individual and**
**Official capacity**                                           **DEFENDANTS**

## WAYNE COUNTY, MISSISSIPPI AND SHERIFF
## JODY ASHLEY'S ANSWER TO PLAINTIFF'S COMPLAINT

Come now Defendants Wayne County, Mississippi and Sheriff Jody Ashley, by and through counsel, and respond to Plaintiff's Complaint, as follows:

### FIRST DEFENSE

Answering defendants specifically assert and invoke all the privileges available to them as set forth in Federal R. Civ. P. 12(b)(1)-(7) for which a good faith, legal and/or factual basis exists or may exist.

### SECOND DEFENSE

Plaintiff's Complaint fails to state facts against the answering defendants which would rise to the level of a constitutional deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

### THIRD DEFENSE

Answering defendants invoke all privileges, restrictions, limitations and immunities of Mississippi Tort Claims Act ("MTCA") Miss. Code Ann. § 11-46-1, *et seq*

including, but not limited to, the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-15.

## FOURTH DEFENSE

Answering defendants deny that they have been guilty of any actionable conduct.

## FIFTH DEFENSE

Sheriff Jody Ashley is entitled to qualified immunity as to the claims asserted against him in his individual capacity. More specifically, answering defendant would affirmatively asserts that the Plaintiff's Complaint fails to allege a violation of a clearly established constitutional right and, at all times, Sheriff Ashley's conduct was objectively reasonable.

## SIXTH DEFENSE

## ADMISSIONS AND DENIALS

## COMPLAINT

And now, without waiving any defense heretofore or hereinafter set forth, answering defendant responds to the allegations of Plaintiff's Complaint, paragraph by paragraph, as follows:

## PARTIES

1. Answering defendants admit, upon information and belief, the allegations of paragraph 1 of Plaintiff's Complaint.

2. Answering defendants admit that Wayne County is a political subdivision of the State of Mississippi and may be served according to Fed. R. Civ. P. 4. and the Mississippi Tort Claims Act ("MTCA") Miss. Code Ann. § 11-46-1, *et seq.*

3. Answering defendants admit that Jody Ashley is the Sheriff of Wayne County, Mississippi and may be served according to Fed. R. Civ. P. 4. and the Mississippi Tort Claims Act ("MTCA") Miss. Code Ann. § 11-46-1, *et seq.*

## JURISDICTION AND VENUE

4. Answering defendants deny the allegations of paragraph 4 of Plaintiff's Complaint.

5. Answering defendants deny the allegations of paragraph 5 of Plaintiff's Complaint, as stated.

## FACTUAL ALLEGATIONS

6. Answering defendants admit Sheriff Ashley executed an affidavit claiming that Plaintiff was mentally ill and in need of treatment. Answering defendants deny the remaining allegations of paragraph 6 of Plaintiff's Complaint.

7. Answering defendants deny the allegations of paragraph 7 of Plaintiff's Complaint.

8. Answering defendants deny the allegations of paragraph 8 of Plaintiff's Complaint, as stated.

9. Answering defendants deny the allegations of paragraph 9 of Plaintiff's Complaint.

10. Answering defendants deny the allegations of paragraph 10 of Plaintiff's Complaint, as stated.

11. Answering defendants deny the allegations of paragraph 11 of Plaintiff's Complaint.

## ALLEGATIONS OF LAW

12. Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-11 as if the same were specifically set out herein.

13. Answering defendants admit that all actions of Sheriff Ashley were under the color of state law. Answering defendants deny the remaining allegations of paragraph 13, as stated.

14. Answering defendants deny the allegations of paragraph 14 of Plaintiff's Complaint.

15. Answering defendants deny the allegations of paragraph 15 of Plaintiff's Complaint.

16. Answering defendants deny the allegations of paragraph 16 of Plaintiff's Complaint.

17. Answering defendants deny the allegations of paragraph 17 of Plaintiff's Complaint.

18. Answering defendants admit that Jody Ashley is a final policymaker for Wayne County on certain law enforcement matters. Answering defendants deny the remaining allegations of paragraph 18 of Plaintiff's Complaint.

19. Answering defendants deny the allegations of paragraph 19 of Plaintiff's Complaint.

20. Answering defendants deny the allegations of paragraph 20 of Plaintiff's Complaint.

**FIRST CAUSE OF ACTION – 42 U.S.C. 1983**
**Fourteenth Amendment- Unlawful Seizure; Deprivation of Due Process/Equal Protection**

21. Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-20 as if the same were specifically set out herein.

22. Answering defendants deny the allegations of paragraph 22 of Plaintiff's Complaint.

23. Answering defendants deny the allegations of paragraph 23 of Plaintiff's Complaint.

24. Answering defendants deny the allegations of paragraph 24 of Plaintiff's Complaint.

25. Answering defendants deny the allegations of paragraph 25 of Plaintiff's Complaint, as stated.

26. Answering defendants deny the allegations of paragraph 26 of Plaintiff's Complaint, as stated.

As for the unnumbered paragraph, which commences "WHEREFORE Plaintiff…," answering defendants would affirmatively aver that Plaintiff is not entitled to any relief whatsoever.

## SECOND CAUSE OF ACTION – 42 U.S.C. 1983
## DUE PROCESS – 14th AMENDMENT

27. Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-26 as if the same were specifically set out herein.

28. Answering defendants deny the allegations of paragraph 28 of Plaintiff's Complaint.

29. Answering defendants deny the allegations of paragraph 29 of Plaintiff's Complaint.

30. Answering defendants deny the allegations of paragraph 30 of Plaintiff's Complaint.

As for the unnumbered paragraph, which commences "WHEREFORE Plaintiff…," answering defendants would affirmatively aver that Plaintiff is not entitled to any relief whatsoever.

## PRAYER FOR RELIEF

1. Answering defendants deny that Circuit Court had proper jurisdiction;

2. Answering defendants deny the allegations of paragraph 2 of Plaintiff's Prayer for Relief;

3. Answering defendants deny the allegations of paragraph 3 of Plaintiff's Prayer for Relief;

4. Answering defendants deny the allegations of paragraph 4 of Plaintiff's Prayer for Relief;

5. Answering defendants deny the allegations of paragraph 5 of Plaintiff's Prayer for Relief;

6. Answering defendants deny the allegations of paragraph 5 of Plaintiff's Prayer for Relief;

7. Answering defendants deny the allegations of paragraph 5 of Plaintiff's Prayer for Relief;

8. Answering defendants deny the allegations of paragraph 5 of Plaintiff's Prayer for Relief;

9. Answering defendants deny the allegations of paragraph 5 of Plaintiff's Prayer for Relief and would affirmatively aver that Plaintiff is not entitled to any relief whatsoever.

**SEVENTH DEFENSE**

Answering defendants are protected by and invoke all the immunities granted by judicial, common law, and statutory sovereign immunity.

**EIGHTH DEFENSE**

Answering defendants allege that they have met or exceeded the requirements of law and due care and are guilty of no acts or omissions which either caused or contributed to the incident in question.

**NINTH DEFENSE**

Answering defendant alleges that Plaintiff's claims are barred by the applicable statute of limitations, *res judicata*, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, lack of standing, release, and/or estoppel.

## TENTH DEFENSE

Plaintiff is not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15 insofar as any state court claims are concerned. Additionally, the defendants would affirmatively state that the Plaintiff is not entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a) The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b) The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c) The procedures fail to provide a limit on the amount of the award against the defendants.

(d) The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e) The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f) The procedures permit multiple awards of punitive damages for the same alleged act.

(g) The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h) The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i) The standard of conduct upon which punitive damages are sought is vague.

**ELEVENTH DEFENSE**

To the extent applicable, answering defendant would assert Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

**TWELFTH DEFENSE**

To the extent applicable, answering defendant would assert that Plaintiff's claims are barred by the *Rooker-Feldman* Doctrine.

**THIRTEENTH DEFENSE**

At all times, Sheriff Jody Ashley was acting within the scope and course of his employment as the duly-elected sheriff and, therefore, cannot be held liable in their individual capacities insofar as any state court claims are concerned.

**FOURTEENTH DEFENSE**

Sheriff Jody Ashley was at all times acting in the official scope of his duties as a law enforcement officer of Wayne County, Mississippi, and at all times material to the allegations of the Complaint his actions were in good faith, without malice and within the scope and course of his employment.

## FIFTEENTH DEFENSE

Any allegation contained in the Complaint which is not specifically admitted is hereby denied.

## SIXTEENTH DEFENSE

Answering defendant reserves the right to add additional defenses as the same become known during the course of discovery of this cause.

And now, having answered the Complaint, answering defendants request that the same be dismissed and she be discharged with costs assessed against the Plaintiff.

**DATE:** **October 9, 2020.**

          Respectfully submitted,

          **WAYNE COUNTY, MISSISSIPPI AND SHERIFF JODY ASHLEY**

          BY:    /s/*William R. Allen*
                      One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
JESSICA S. MALONE (MSB #102826)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
Email: wallen@aabalegal.com
Email: jmalone@aabalegl.com

## CERTIFICATE

I, the undersigned, of Allen, Allen, Breeland & Allen, PLLC, one of the attorneys of record for defendants, Wayne County, Mississippi and Sheriff Jody Ashley, hereby certify that I filed a copy of the above and foregoing Answer with the Clerk of Court via the ECF System which gave notification of the same to the following counsel of record:

> Daniel M. Waide, Esq.
> Johnson, Ratliff & Waide, PLLC
> P.O. Box 17738
> Hattiesburg, MS 39404
> dwaide@jhrlaw.net
> *Attorney for Plaintiff*

This the 9th day of October, 2020.

*/s/William R. Allen*
OF COUNSEL